UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD AAKER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | 4:25-CV-04094-RAL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>DOCKET NO. 20 |

In this civil action, plaintiff sues his insurance company for breach of contract and a declaratory judgment. See Docket No. 1. Plaintiff served defendant with discovery requests. See Docket No. 22-1. Defendant responded. See Docket No. 22-2. Unhappy with defendant's responses, plaintiff sent a letter of complaint to defendant. See Docket No. 22-3. Defendant responded, also by written letter. See Docket No. 22-4. Plaintiff then sent another written letter demanding discovery or further explanation and set a three-day deadline to do so. See Docket No. 22-5. Receiving no response, plaintiff filed a motion to compel which the district court referred to this magistrate judge for decision. See Docket No. 23. Plaintiff raises issues related to 12 separate discovery requests. See Docket No. 21.

1

A motion to compel answers to interrogatories or requests for the production of documents is governed by Fed. R. Civ. P. 37. That rule provides in pertinent part as follows:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

See Fed. R. Civ. P. 37(a)(1).

Likewise, the local rules in this district require a movant to attempt to informally resolve matters with his or her opponent before filing a discovery motion:

> A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute. If the court schedules a hearing on the motion, at least 7 calendar days prior to the hearing, or sooner as the court may require, the parties must file a statement setting forth the matters upon which they have been unable to agree.

See D.S.D. LR 37.1.

The caselaw puts "flesh on the bone" of the meet-and-confer requirement. The certification mentioned in Rule 37 must include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." Shuffle Master, Inc. v. Progressive Gams, Inc., 170

F.R.D. 166, 170-171 (D. Nev. 1996). "Good faith" requires that the parties made a genuine attempt to resolve the discovery dispute without involving the court. Id. Finally, "conferment" requires the parties "to have had an actual meeting or conference." Id. Hence, prior to making a motion to compel, "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." Id. Unilaterally sending correspondence demanding that the other side comply with a discovery request does not satisfy the requirement. Id. at 172.

    Thus, where there is no legitimate reason for expediency, counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement. Alexander v. Federal Bureau of Investigation, 186 F.R.D. 197, 198-199 (D.D.C. 1999). Nor is the meet-and-confer requirement rendered moot merely because when counsel did file the discovery motion it was opposed by the other party. Id. The purpose of the meet-and-confer requirement is to "force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion." Id. at 199.

Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests. Bolger v. District of Columbia, 248 F.R.D. 339, 343-344 (D.D.C. 2008). Likewise, in Ross v. Citifinancial, Inc., 203 F.R.D. 239 (S.D. Miss. 2001), the court specifically held that sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the prerequisite of a certification of having conferred in good faith. Id. at 239-240. The court noted that the requirement was not "an empty formality," and that, in a large number of cases, obliging the attorneys to meet and confer resulted in resolution of the discovery dispute. Id.

The decision in Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 456 (D. Kan. 1999), illustrates how fact-dependent the inquiry is. In that case, four telephone calls by the movant on a motion to compel were not enough to satisfy the meet-and-confer requirement where all four calls took place while opposing counsel was out of the country on vacation. Id. at 458-459. As the court explained, the meet-and-confer requirement is intended to require counsel to "converse, confer, compare views, consult and deliberate." Id. at 459. Therefore, sending a letter or making an oral request that simply demands compliance with the discovery request generally does not satisfy the meet-and-confer requirement. Id. The court frowned upon the movant's setting of an arbitrary deadline for the filing of a motion to compel because the facts showed that the parties were not at impasse. Id. They had yet to engage in a discussion of the genuineness of the opposing party's objections, what, if

any, documents the discovering party was reasonably capable of producing, and what specific, genuine issues remained that could not be resolved without the court's intervention.  Id.

In RLI Insurance Co. v. Conseco, Inc., 477 F. Supp. 2d 741 (E.D. Va. 2007), a party was being deposed and refused to answer nine questions during the deposition on the basis of attorney-client privilege or work product doctrine.  Id. at 745.  The deposing party sought an order compelling the deponent to answer the questions.  Id.  The party who had refused to answer argued that the motion to compel should be denied because the movant had failed to comply with the meet-and-confer requirement prior to filing the motion.  Id. at 745-746.  The court found that the movant had satisfied the meet-and-confer requirement by making several suggestions for compromise, both by telephone contact and by letter, and by supplying the resisting party with a list of the specific questions the movant would be seeking to compel.  Id.

On the other hand, courts have, in very limited circumstances, excused a moving party's failure to satisfy the meet-and-confer requirement.  In Freiria Trading Co. v. Maizoro S.A. de C.V., 187 F.R.D. 47 (D.P.R. 1999), the court excused the movant's failure to satisfy the meet-and-confer requirement where the opposing party's conduct was not just a refusal to provide requested discovery, but also constituted a direct violation of an order from the court.  Id. at 48.  See also  Bolger, 248 F.R.D. at 343-344 (excusing the failure of the movant to satisfy the meet-and-confer requirement because of the long-

5

standing record of the opposing party's refusal to comply with both the plaintiff's requests and the court's specific orders to produce certain discovery).

In <u>Oleson v. Kmart Corp.</u>, 175 F.R.D. 570 (D. Kan. 1997), the court excused the movant's failure to meet and confer before filing a motion to compel where it was apparent to the court based on the number and tenor of discovery disputes which were the subject of the motion that it was unlikely the parties would have resolved their differences. <u>Id.</u> at 571.

Here, all plaintiff did was send a letter to defendant, who responded in kind. Plaintiff then sent another letter with an arbitrary three-day deadline. Moreover, the court sees no expediency here or reason for a three-day deadline. The discovery deadline in this case is April 20, 2026, over six months in the future. <u>See</u> Docket No. 14. This case is in its infancy only just having been filed June 2, 2025. <u>See</u> Docket No. 1. Nor does this case present a track record of defendant unreasonably refusing discovery or refusing to obey court orders as to discovery.

Plaintiff's actions do not meet the letter or the spirit of the meet-and-confer requirement. The court requires if at all possible that the parties have a real voice conversation in real time, either face-to-face (preferred), by video conference, or by telephone. In this case, there has been none of the real-time back-and-forth give-and-take that occurs when two parties speak with one another instead of sending a written barrage of demands.

It is hereby

ORDERED that plaintiff's motion to compel [Docket No. 20] is denied without prejudice. After meeting the spirit and the letter of the meet-and-confer requirement, including real live actual conversation between the lawyers in person, by video or telephone, plaintiff may renew his motion to compel on any issues that remain for the court's resolution.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986). If a party files objections, the other party may respond to those objections within 14 days.

DATED October 20, 2025.   BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge